UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 13-62093-Civ-ZLOCH/HUNT**

DAVID C. GOLDBERG, an individual,

        Plaintiff,

v.

POINT BLANK ENTERPRISES, INC., a
Delaware Corporation,

        Defendant.
_____/

**POINT BLANK ENTERPRISES, INC.'S MOTION TO STRIKE PARAGRAPHS 7-18
AND EXHIBITS 1-4 OF PLAINTIFF'S FIRST AMENDED COMPLAINT, AND
MOTION FOR FIVE-DAY ENLARGEMENT OF TIME TO RESPOND TO
PARAGRAPHS 7-18 IF THE MOTION TO STRIKE IS DENIED
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant POINT BLANK ENTERPRISES, INC. ("Point Blank") moves to strike Paragraphs 7-18 and Exhibits 1-4 of Plaintiff's First Amended Complaint. If this motion to strike is not granted, Point Blank moves for a five-day enlargement of time to respond to Paragraphs 7-18 of Plaintiff's First Amended Complaint.

**Introduction**

Plaintiff's First Amended Complaint asserts a claim of retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h). The complaint states that Point Blank won a government contract to deliver concealable body armor vests to the United States Army, and that this contract required the items to pass an inspection by the Defense Contract Management Agency (DCMA). 1st Am. Compl. ¶¶ 20, 22, 25. Plaintiff alleges that after the DCMA approved the samples on

1

June 14, 2013, Point Blank discovered that some of the vests were actually the wrong size, prompting it to replace them with correctly sized but uninspected substitutes, which it shipped to the government on June 16. *Id.* ¶¶ 32-38. Plaintiff further alleges that Point Blank misled the government that the vests it had shipped were those that the DCMA had approved, while Plaintiff was accusing Point Blank employees of defrauding the government. *Id.* ¶¶ 39-61. Plaintiff claims that on June 24, 2013, Point Blank fired him in retaliation for opposing its alleged attempt to defraud the Government. *Id.* ¶¶ 68-70, 72-77.

Plaintiff's complaint contains twelve paragraphs and four exhibits that have nothing to do with the events of June **14-24, 2013**. A section of the complaint titled "History of Point Blank" begins by accusing Point Blank of "a history of engaging in fraudulent and criminal behavior." *Id.* ¶ 7. Paragraphs 8 and 9 proceed to describe the October 2007 arrest and subsequent sentencing of David H. Brooks for fraud that is unrelated to Plaintiff's case; Brooks was the former CEO of DHB Industries, Inc., which Plaintiff states was the former name of Point Blank. Paragraphs 10-12 describe the Securities and Exchange Commission's investigation of DHB Industries in 2010 and 2011 for accounting and disclosure fraud and misappropriation unrelated to this case. Paragraphs 13-17 describe the 2011 purchase of Point Blank by an affiliate of Sun Capital Partners, Inc.; Plaintiff alleges that this purchase and Point Blank's exit from bankruptcy in 2011 were pervaded by fraud. Lastly, in Paragraph 18, Plaintiff recites that he "did not become aware that the Company's long history of fraudulent conduct was ongoing until recently."

Plaintiff has also attached four exhibits to his complaint in support of the allegations in Paragraphs 7-18. Exhibit 1 is an article about Sun Capital's purchase of Point Blank. Exhibit 2 is an article about the sentencing of Brooks for insider trading, fraud, lying to auditors, and

obstruction of justice—events that, according to the article, occurred in 2003 and 2004, and which are unrelated to Plaintiff's case.  Exhibit 3 is an article about Point Blank's filing for bankruptcy in 2010.  And Exhibit 4 is a release about the SEC's filing of charges against DHB Industries in 2011 for violations that, according to the release, occurred from 2003 to 2005.

Because they are completely unrelated to Plaintiff's False Claims Act cause of action that arose **years** later, and are apparently included solely to disparage and prejudice Point Blank, Point Blank moves to strike Paragraphs 7-18 and Exhibits 1-4 from Plaintiff's First Amended Complaint.

## Memorandum of Law

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  The court may grant a motion to strike if "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Farnham v. Riimic, LLC*, No. 12-60153-CIV, 2012 WL 3962897, at *1 (S.D. Fla. Sept. 11, 2012).

Courts have stricken accusations of wrongdoing that are irrelevant to the cause of action.  In *Breckenridge*, the plaintiff filed "claims for declaratory judgment of non-infringement [of patents], invalidity, patent unenforceability for inequitable conduct, tortious interference, and unfair competition."  *Breckenridge Pharm. Inc. v. Metabolite Labs., Inc.*, No. 04-80009-CIV-COHN, 2007 WL 201261, at *1 (S.D. Fla. Jan. 24, 2007).  The defendant asserted an affirmative defense of unclean hands, and alleged that the plaintiff had made misrepresentations to multiple courts, sold adulterated and diluted pharmaceuticals, and "willfully disregard[ed] the intellectual

3

property rights of others." *Id.* at *2. The defendant further alleged the plaintiff's false representation of its products, "and the misconduct of attorneys not related to this case." *Id.*

The court "utilize[d] its discretion under Rule 12(f) and grant[ed] the [plaintiff's] motion to strike." *Id.* at *3. The court reasoned that the defendant's accusations of wrongdoing were irrelevant "to the causes of action alleged in the Complaint," in addition to being scandalous by "causing harm to the reputation of Plaintiff." *Id.* The court added, "Despite the attempt by Metabolite to rationalize the relevancy of the information contained therein, the paragraphs at issue appear to be included solely to disparage Breckenridge . . . ." *Id.*; *see also Dukes v. Miami-Dade County*, No. 05-22665-CIV, 2007 WL 2696775, at *3 (S.D. Fla. Sept. 11, 2007) (granting defendant's motion to strike plaintiff's allegations of a police cover-up because the cover-up "took place after the alleged beatings and arrests" at issue, and were thus "not relevant to an assessment of liability on any of Plaintiffs' remaining claims").

Here, as in *Breckenridge* and *Dukes*, Plaintiff's accusations of past wrongdoing by Point Blank are immaterial because they are unrelated to Plaintiff's cause of action. Plaintiff alleges that Point Blank fired him because he opposed telling the government that Point Blank had shipped the DCMA-approved vests when it had actually shipped uninspected substitutes. Plaintiff alleges that these events occurred from June 14, 2013 to June 24, 2013. Yet Plaintiff's complaint includes allegations about decade-old fraud perpetrated by "former CEO" David H. Brooks, 1st Am. Compl. ¶¶ 8-9, even though Brooks's fraud had nothing to do with the events on which Plaintiff's retaliation claim is based. Indeed, Plaintiff's own exhibits state that Brooks's schemes took place in 2003 and 2004 and he was arrested back in 2007. *Id.*, Ex. 1 at 1; Ex. 2 at 2.

Similarly, the paragraphs in the complaint describing the SEC's 2010-2011 investigation of DHB Industries for accounting and disclosure fraud and misappropriation, *id.* ¶¶ 10-12, as well as the paragraphs alleging fraud in the purchase and post-bankruptcy dealings of Point Blank in 2011, *id.* ¶¶ 13-17, have nothing to do with the events of June 14-24, 2013. Even if Plaintiff's characterizations of these events were accurate, they relate to acts entirely separate from the ones that Plaintiff was allegedly fired for opposing. In fact, Plaintiff's own exhibit states that the SEC investigated DHB Industries for violations that occurred between 2003 and 2005. *Id.*, Ex. 4 at 1.

In addition to being immaterial to Plaintiff's retaliation claim, the allegations in Paragraphs 7-18 of the complaint are an obvious attempt to disparage and prejudice Point Blank. Plaintiff introduces the allegations of past misconduct by stating that Point Blank "has a history of engaging in fraudulent and criminal behavior." *Id.* ¶ 7. But Point Blank's past history of misconduct would be inadmissible if Plaintiff tried to introduce it into evidence. Federal Rule of Evidence 404(a)(1) excludes propensity evidence: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Propensity evidence is inadmissible because it "is of slight probative value and may be very prejudicial." FED. R. EVID. 404 advisory committee's note. Here, Plaintiff is implying that if Point Blank committed fraud in the past, it must have acted inappropriately on the present occasion—an improper propensity argument. What the *Breckenridge* court said of the stricken allegations in that case is equally true here: "the paragraphs at issue appear to be included solely to disparage" Point Blank. *Breckenridge Pharm.*, 2007 WL 201261, at *3.

5

**Conclusion**

Paragraphs 7-18 and Exhibits 1-4 of Plaintiff's First Amended Complaint are immaterial to Plaintiff's cause of action, and prejudicial to Point Blank.  For these reasons, Point Blank respectfully requests that this Court strike Paragraphs 7-18 and Exhibits 1-4 from Plaintiff's First Amended Complaint.  If the Court denies its motion to strike, Point Blank respectfully requests that the Court grant it a five-day enlargement of time to respond to Paragraphs 7-18 of Plaintiff's First Amended Complaint.

**Certificate of Conference**

Pursuant to Local Rule 7.1(a)(3), counsel for Point Blank, Mark E. Zelek, conferred in good faith with counsel for Plaintiff, Scott W. Atherton, who opposes Point Blank's request to strike Paragraphs 7-18 and Exhibits 1-4 of the First Amended Complaint, but who does not oppose Point Blank's request for a five-day enlargement of time to respond to Paragraphs 7-18 if the court denies Point Blank's request to strike Paragraphs 7-18 and Exhibits 1-4.

Dated this 6th day of November, 2013.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*s/Mark E. Zelek*
　　　　　　　　　　　　　　　　　　　　　　　Mark E. Zelek
　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 667773
　　　　　　　　　　　　　　　　　　　　　　　Email:  mzelek@morganlewis.com
　　　　　　　　　　　　　　　　　　　　　　　Morgan, Lewis & Bockius LLP
　　　　　　　　　　　　　　　　　　　　　　　200 South Biscayne Boulevard
　　　　　　　　　　　　　　　　　　　　　　　Suite 5300
　　　　　　　　　　　　　　　　　　　　　　　Miami, FL  33131-2339
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  305.415.3303
　　　　　　　　　　　　　　　　　　　　　　　eFacsimile:  877.432.9652

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Point Blank Enterprises, Inc.*

**Certificate of Service**

I hereby certify that on November 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          *s/Mark E. Zelek*
          Mark E. Zelek

**SERVICE LIST**

**DAVID C. GOLDBERG v. POINT BLANK ENTERPRISES, INC.
Case No. 13-62093-CIV-ZLOCH/HUNT
United States District Court, Southern District of Florida**

**Via CM/ECF**

Scott W. Atherton
Florida Bar No. 0749591
scott@athertonlg.com
Harris S. Nizel
Florida Bar No. 807931
harris@athertonlg.com
Atherton Law Group, P.A.
224 Datura Street, Suite 815
West Palm Beach, FL 33401

*Attorneys for Plaintiff*